IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA

    Plaintiff,

v.

CASE NO. CR2-08-077
JUDGE EDMUND A. SARGUS, JR.

ESTEVAN DE LA TORRE,

    Defendant.

## OPINION AND ORDER

This matter is before the Court for consideration of the Defendant's Motion to Suppress evidence seized from a vehicle on March 25, 2008. For the reasons that follow, the Motion is DENIED.

### I.

The Defendant has moved to suppress as evidence drugs seized from an automobile he was operating on March 25, 2008. On June 12, 2008, the Court held an evidentiary hearing regarding the issues raised in the motion. Both parties agreed that the sole issue implicated in the motion was whether Ohio State Highway Patrol Trooper Michael Wilson had reasonable suspicion or probable cause to stop the vehicle.

Trooper Wilson was the only witness called to testify at the hearing. On the day in question, Wilson was parked on the median strip of Interstate 70, a four lane highway. At approximately 6:42 p.m., he observed a blue GMC Envoy traveling in the right lane in an east bound direction. Wilson observed the driver whose hands were in a "10/2 position" on the

steering wheel, meaning that if the steering wheel were the face of a clock, the location of his hands would correspond to 10 a.m. and 2 p.m. The vehicle was traveling at a speed of 59 miles per hour and had Indiana license plates. Wilson also testified that he noticed air fresheners located within the vehicle. According to Wilson, multiple air fresheners are often used to throw off canine units sniffing for drugs. He also observed a military insignia on the rear of the vehicle, which he considered to be another potential indicator of drug trafficking. Wilson explained that many drug traffickers are aware that law enforcement officers often have military backgrounds, and attempt to appear patriotic. Wilson also noticed that the vehicle was occupied by one person, the Defendant. In Wilson's training and experience, he testified that a single occupant vehicle is also an indicator of potential drug trafficking.

Based upon these observations, Wilson began to follow the Defendant's vehicle. He observed the Defendant driving at a speed under the posted limit of 65 miles per hour, but two and one-half car lengths behind the vehicle in front of him. After following the vehicle for a distance, Wilson pulled the Defendant over and advised him that he was in violation of Ohio Revised Code § 4511.34 which states in part:

> (A) The operator of a motor vehicle, streetcar, or trackless trolley shall not follow another vehicle, streetcar, or trackless trolley more closely than is reasonable and prudent, having due regard for the speed of such vehicle, streetcar, or trackless trolley, and the traffic upon and the condition of the highway.

The Court finds Trooper Wilson's testimony to be consistent with and documented by his report, which was admitted into evidence as Government's Exhibit 2. The Court finds Wilson to be credible as to his description of the facts before the automobile stop.

The issues involved in the Motion to Suppress are determined only by the facts

leading up to the traffic stop. After the stop was effectuated, the Defendant gave inconsistent answers to routine questions posed to him by Trooper Wilson. Within a short period of time, a canine unit arrived and alerted on the vehicle, ultimately leading to the discovery of approximately one kilogram of heroin hidden in the dash.

## II.

The law is well established that an officer must have reasonable suspicion or probable cause to stop a vehicle traveling on a public road. *Berkemer v. McCarty*, 468 U.S. 420 (1984); *Pennsylvania v. Mimms*, 434 U.S. 106 (1977). This Court also observes that, if an officer witnesses a violation of state traffic laws, there is no distinction between reasonable suspicion and probable cause in such circumstances.

Initially, the Court notes that the indicators of drug trafficking described by Trooper Wilson could cause an officer to be suspicious and to make further observations. These include the position of the Defendant's hands on the steering wheel, the presence of a military decal on the vehicle, the displaying of out of state license plates, the presence of air fresheners, the Defendant's lack of eye contact, and the single occupant in the vehicle.

These indicators, however, cannot provide probable cause or even reasonable suspicion for the stop in this case. Every single one of the indicators is consistent with lawful behavior and, either singularly or collectively, does not approximate the quantum of evidence or information necessary to support a finding of reasonable suspicion or probable cause. Such indicators could, however, lead an officer to make further inquiry and to follow the vehicle, which is what happened in this case.

3

Defendant's motion turns on the question of whether the Trooper had reasonable suspicion or probable cause to charge the Defendant with a violation of O.R.C. § 4511.34(A). This Court's analysis regarding the validity of a traffic stop under state law is very narrow. The Supreme Court has held in *Whren v. United States*, 517 U.S. 806, 812 (1996), that an officer's subjective motive in making a traffic stop cannot be considered in determining whether such stop is objectively reasonable under the Fourth Amendment. Consequently, it is for this Court to determine the narrow question of whether Trooper Wilson had reasonable suspicion or probable cause to charge the Defendant with a violation of O.R.C. § 4511.34.

As noted by the Defendant, O.R.C. 4511.34(A) prohibits an operator of a motor vehicle from traveling "more closely than is reasonable and prudent." While there is no precise standard distance set forth in the statute, Trooper Wilson testified that from his training, a vehicle should be separated from another by a distance equal to one car length for every ten miles an hour of travel. In this case, the appropriate distance would be 5.9 car lengths, meaning that the Defendant was traveling at a distance of only forty percent of such standard. The Defendant contends that Ohio law does not contain the standard articulated by Trooper Wilson. While that is correct, a number of Ohio cases have relied on this standard.

The United States Court of Appeals for the Sixth Circuit recently decided a case with the identical issue involving the same Ohio statute. The Court held:

> The district court concluded that even if Dukes had come within two car-lengths of the semi truck in front of her, she would not have violated any state law by doing so. The court concluded that *Ohio Revised Code § 4511.34* ("Space between moving vehicles"), with its requirement that a motorist "shall not follow another vehicle, streetcar, or trackless trolley more closely than is reasonable and prudent," does not require one car-length for every

4

ten miles per hour of speed. *444 F. Supp.2d at 829*. Based on its reading of the statute, the court held that "if Defendant, in her own estimation, believed that, under the circumstances, she was providing enough room between herself and the semi in front of her," she would be in compliance with the statute. *Id*. This conclusion was in error. A number of Ohio cases have used the car-length rule as an indicator of a § *4511.34* violation. *See, e.g., United States v. Roberts, 492 F. Supp.2d 771, 774 (S. D. Ohio 2005); State v. Meza, No. L-03-1223, 2005 WL 635028, at \*5 (Ohio Ct. App.2005); State v. Gonzalez, 43 Ohio App.3d 59, 62, 539 N.E.2d 641 (Ohio Ct. App. 1987)*. No case concludes that a driver's opinion of her own reaction time is the sole determination of a violation; indeed, this subjective assessment of a violation would preclude an officer from ever knowing if someone was breaking the law.

### III.

The law in Ohio is clear that the car-length rule is a workable indicator of a § *4511.34* violation, and the video supports Officer Jacks's claim that Dukes had committed such a violation. For these reasons, the stop and subsequent search of the car were legal, and we REVERSE the decision of the district court to grant Dukes's motion to suppress.

*United States of America v. Alexis Shanell Dukes*, 257 Fed. Appx. 855, \*6 - \*7.

Although the decision in *Dukes* is unreported and therefore not binding on this Court, the undersigned is constrained to follow the unanimous decision on the precise question implicated in this motion.

5

## III.

Based upon the foregoing, the Defendant's Motion to Suppress (Doc. 16) is **DENIED**.

**IT IS SO ORDERED.**

6-17-2008
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**